# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3275 | **DATE** | 8/19/2010 |
| **CASE TITLE** | International Capital Group vs. Starrs | | |

**DOCKET ENTRY TEXT**

Presently before us is Starr's motion to dismiss (8) the complaint for failure to state a claim. We grant the motion and dismiss the Complaint. ICG may file an Amended Complaint on or before September 3, 2010. It is so ordered. The status/ruling date set for 9/9/10 is stricken.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

ORDER

    Plaintiff International Capital Group, LLC ("ICG") filed a two-count Complaint alleging breach of contract and unjust enrichment against Defendant Ed Starrs. Presently before us is Starrs's motion to dismiss the Complaint for failure to state a claim.

    At issue is whether ICG has sufficiently alleged the breach element of its breach of contract claim. Starrs argues that ICG is required to identify a particular contract provision that was breached in order to satisfy the federal pleading standard. (Mem. at 2; Reply at 2.) ICG counters that it need not identify a particular contract provision that was breached in order to plead breach of contract. (Resp. at 3.) This Court has come out both ways on this issue. *Compare Gandhi v. Sitara Capital Mgmt., LLC*, 689 F. Supp. 2d 1004, 1016 (N.D. Ill. 2010) (requiring plaintiff to plead specific provisions) and *Burke v. 401 N. Wabash Venture, LLC*, No. 08 C 5330, 2010 WL 2330334, at * 2 (N.D. Ill. June 9, 2010) (same) *with Facility Wizard Software, Inc. v. Southeastern Technical Servs., LLC*, 647 F. Supp. 2d 938, 950 (N.D. Ill. 2009) (not requiring plaintiff to plead specific provisions) and *Urlacher v. Dreams, Inc.*, No. 09 C 6591, 2010 WL 669449, at *2 (N.D. Ill. Feb. 22, 2010) (same).

    We agree with ICG that a plaintiff is not required to identify a specific contract provision that was breached in order to plead breach of contract under the federal pleading standard, but a plaintiff must still plead enough facts to establish a breach, for example, the existence of some unsatisfied obligation. ICG has not done so. ICG alleges in relevant part that it "agreed to lend Starrs $750,000," (Compl. ¶ 7), and later "demanded that Starrs repay the $750,000," (*id*. ¶ 11), but that "Starrs has not repaid the $750,000," (*id*. ¶ 10). However, ICG does not allege that Starrs is obligated under the contract to repay the $750,000, and therefore his alleged failure to do so does not state a claim for breach of contract.

    Similarly, the Complaint fails to state a claim for unjust enrichment because it does not allege that Starrs has any duty to repay the $750,000. *See Martis v. Grinnell Mut. Reinsurance Co.*, 388 Ill. App. 3d 1017, 1025,

## STATEMENT

905 N.E.2d 920, 928 (3d Dist. 2009) (stating that a plaintiff must allege an unsatisfied duty of the defendant in order to state a claim for unjust enrichment); *see also* Compl. Ex. A § 19.1.

Accordingly, we grant the motion and dismiss the Complaint. ICG may file an Amended Complaint on or before September 3, 2010. It is so ordered.